[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14465

Non-Argument Calendar

_____

DEVIN FABIAN COLLINS,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-02278-SDM-JSS

_____

Before NEWSOM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

The district court denied Devin Collins's first 28 U.S.C. § 2255 motion to vacate his 210-month sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) solely on the ground that *Rehaif v. United States*, 139 S. Ct. 2191 (2019)—which was decided while Collins's direct appeal was still pending—doesn't apply retroactively to initial § 2255 motions. In *Rehaif*, the Supreme Court determined that for a § 922(g) offense, "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. Collins contends that the government never proved whether he knew the latter. In *Seabrooks v. United States*, we held that *Rehaif* "announced a new rule of substantive law that applies retroactively to . . . initial § 2255 motion[s]." 32 F.4th 1375, 1383 (11th Cir. 2022) (per curiam). Accordingly, we **VACATE** and **REMAND** to the district court to decide Collins's § 2255 motion under *Rehaif* and/or other grounds the parties may raise on remand.